WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herman Gerard Flores,<br><br>    Plaintiff,<br><br>v.<br><br>Stephanie Ashley, et al.,<br><br>    Defendants. | No. CV-17-00041-TUC-BPV<br><br>**ORDER** |

Pending before the Court is Plaintiff's *pro se* Application to Proceed *In Forma Pauperis* and affidavit in support thereof (Doc. 2) accompanied by his *pro se* Complaint (Doc. 1). In accordance with the provisions of 28 U.S.C. §636(c)(1), Plaintiff has consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 4). For the following reasons, the Court grants Plaintiff's Application to Proceed *In Forma Pauperis* and dismisses Plaintiff's Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis***

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he is "unable to pay such fees. . . ." 28 U.S.C. § 1915(a)(1); *see* also LRCiv 3.3, Rules of Practice of the U.S. District Court for the District of Arizona. Although a plaintiff need not be absolutely destitute to obtain the benefits of *in forma*

*pauperis* status, the privilege is reserved for the truly impoverished litigant who would remain without legal remedy if such status was not granted. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). Whether to grant a request to proceed *in forma pauperis* is within the Court's discretion. *Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968). Review of Plaintiff's Application reflects that Plaintiff satisfies the proof-of-indigence requirement of 28 U.S.C. § 1915(a)(1). Plaintiff is granted leave to proceed *in forma pauperis.*

## II. Screening the Complaint

### A. Standard

Determination that a plaintiff is unable to pay the requisite costs and fees does not end the analysis. *See* 28 U.S.C. §1915(e)(2)(B). Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must dismiss any complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii); *see also Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all *in forma pauperis* complaints[.]") Thus, the Court may grant leave to proceed *in forma pauperis*, allow the filing of the Complaint, and then determine pursuant to 28 U.S.C. §1915(e)(2)(B) to dismiss the complaint prior to service of process. *See Franklin v. Murphy*, 745 F.2d 1221, 1226-1227 (9th Cir. 1984); *see also Lopez,* 203 F.3d at 1127 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

Rule 8 of the Federal Rules of Civil Procedure governs whether a complaint sufficiently states a claim upon which relief may be granted. Under Rule 8, a complaint must state:

    (1) a short and plain statement of the grounds for the court's jurisdiction...;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in

the alternative or different types of relief.

Fed.R.Civ.P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court do draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679

Additionally, when the plaintiff is proceeding *pro se*, the complaint must be liberally construed in the interests of justice. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers..."); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (courts must "continue to construe pro se filings liberally...."); *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975)("Pleadings should be liberally construed in the interests of justice, particularly when a pleader is not learned in the law.").

**B.  Plaintiff's Complaint**

In his jurisdictional statement, Plaintiff alleges that federal jurisdiction is appropriate because his claim involves a violation of his "right to medical privacy, a civil right. . . ." and that the violation occurred in Tucson, Arizona. (Complaint at 2). Plaintiff brings this action against Stephanie Ashley and 1st Choice Auto Transport, LLC.[1] Plaintiff alleges that he filed complaints against the named Defendants and Diamondback Systems with the Federal Motor Carrier Safety Administration and the Arizona Attorney

---

[1] Plaintiff alleges that Ms. Ashley owns 1st Choice Auto Transport, LLC and Diamondback Systems. (Complaint at 2). Although Plaintiff has not named Diamondback Systems as a defendant, his allegations and demand reference that entity.

- 3 -

General Consumer Complaint Office. (*Id.*). He further alleges that Defendants retaliated against him for filing the complaints by violating his "civil rights" involving his "right to medical privacy" when they submitted a response, that is open to the public, to his complaint with the state Attorney General "broadcast[ing] [his] drug test results, and giv[ing] copies of documents away to [sic] third party, via medical. This is/was a consumer complaint and has no bearing of any state or federal case or order." (*Id.*; *see also id.* at 3 ("[illegible] violated my right to medical privacy to get back at me (revenge) for filing a complaint concerning their unlawful actions.")). Plaintiff asserts that Defendants violated his civil rights "sub-part P, 40-321, 40-323." (*Id.* at 2). Plaintiff requests $15,000 in damages. (*Id.* at 3).

The federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction, which are cases involving diversity of citizenship or a federal question. *Kokkonen v. Guardian Life Insur. Co. of America*, 511 U.S. 375 (1994). Where the Complaint fails to reflect federal jurisdiction, it must be dismissed. *Scott v. Kuhlmann,* 746 F.2d 1377, 1378 (9th Cir. 1984); *see also* Fed.R.Civ.12(h)(3).

Generally, diversity jurisdiction involves suits where the plaintiff is a citizen of a different state from the defendants and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. §1332(a). Plaintiff does not satisfy the requirements of diversity jurisdiction given that he seeks damages below the threshold amount required for diversity jurisdiction and the allegations do not suggest that the parties are diverse in citizenship.

Under 28 U.S.C. §1331, this Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "In order to proceed in federal court, Plaintiff must demonstrate some right of action and legal entitlement to the damages he seeks." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011). The Court has been unable to identify any potentially relevant claim regarding a "subpart P, 40-321 or 40-323" as cited by Plaintiff. Because Plaintiff

characterizes his claims as involving an issue of medical privacy, it may be that Plaintiff is attempting to allege a violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.SC. §1320d, *et. seq.*. However, to any extent Plaintiff seeks to bring a claim pursuant to HIPAA, such a claim would fail because there is no private right of action under HIPAA. *See Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1080 (9th Cir. 2016); *see also Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("[e]very district court that has considered this issue is in agreement that the [HIPAA] statute does not support a private right of action.").

Having failed to identify a statutory basis for Plaintiff's claim and given his assertion that his civil rights have been violated, Plaintiff may be attempting to file a claim for violation of a federal constitutional right although he has not linked the disclosure at issue to a constitutional provision. The most likely sources for a federal action alleging violation of a constitutional right are 42 U.S.C. § 1983 or *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

"Title 42 U.S.C. § 1983 provides a cause of action against '[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . .' The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 504 U.S. 158, 161 (1992). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law[2] and (2) the conduct deprived him of a federal constitutional or

---

[2] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49, (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (citations omitted) ("[Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.").

statutory right. *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). Plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has not identified the provision of the United States Constitution that Defendants are alleged to have violated. Even assuming that Plaintiff were able to identify a constitutional violation, he still fails to state a claim under section 1983 because the Complaint is devoid of any allegations which could plausibly support a claim that the named Defendants were functioning as state actors when they allegedly violated Plaintiff's constitutional rights.

Likewise, Plaintiff also fails to state a claim under *Bivens.* In *Bivens,* the United States Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). However, there is no private right of action for damages against private entities even if they are acting under color of federal law. *See Correctional Servs. Corp.,* 534 U.S. 61. The allegations in the Complaint do not plausibly suggest that Defendant 1st Choice Auto Transport, LLC is anything but a private entity. Moreover, because a *Bivens* action may only be brought against "individual federal officers" who commit "constitutional violations", it does not plausibly appear from the allegations in the complaint that Defendant Ashley is subject to suit under *Bivens* given that Plaintiff has not alleged that Defendant Ashley was acting as a federal officer during the events giving rise to this lawsuit. *Id.* at 521.

Because the allegations in Plaintiff's Complaint fail to establish that this Court has jurisdiction over this matter, this action is subject to dismissal. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is also in order because Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (the Court "shall dismiss the case . . ." if the Court determines that the complaint fails to state a

claim upon which relief may be granted). Accordingly, Plaintiff's Complaint is dismissed.

### C. Leave to Amend

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro* se litigant is entitled to an opportunity to amend the complaint before dismissal of the action. *See Lopez,* 203 F.3d at 1127-29. The Court should not, however, advise the litigant how to cure the defects as this type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez,* 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies but noting that the *pro se* litigant, unskilled in the law, is far more prone to make errors in pleading than the person who has the benefit of being represented by counsel). While the Court does not serve as advocate for the *pro se* litigant nor act as legal advisor, the Court has explained the pleading deficiencies and will afford Plaintiff the opportunity to file an amended complaint that satisfies Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is advised that Step Up to Justice Offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, he should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is GRANTED and the Complaint (Doc. 1) shall be filed.

IT IS FURTHER ORDERED that the Clerk of the Court shall date the Complaint as filed on the day that the Clerk of the Court received it. *Cooper v. City of Ashland,* 871 F.2d 104, 105 (9th Cir. 1989).

IT IS FURTHER ORDERED that the Complaint (Doc. 1) is dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that Plaintiff is granted leave to file an Amended

Complaint no later than **July 7, 2017**. Plaintiff is advised that his failure to file an Amended Complaint by July 7, 2017 will result in dismissal of this action without further notice to him.

IT IS FURTHER ORDERED that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. The Amended Complaint must also reflect a sufficient basis for this Court's jurisdiction. In the amended complaint, Plaintiff should state his claims in numbered paragraphs, each limited as far as practicable, to a single set of circumstances. *See* Fed.R.Civ.P. 10(b). THE AMENDED COMPLAINT MUST BE RETYPED OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Plaintiff is advised that the amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik,* 963 F.2d at 1262.

IT IS FURTHER ORDERED that in the event Plaintiff fails to file an Amended Complaint on or before **July 7, 2017** as required by this Order, the Clerk of the Court shall enter a judgment of dismissal without prejudice and close this case without further direction from the Court.

IT IS FURTHER ORDERED that in the event Plaintiff proceeds with this action, he must follow the Federal Rules of Civil Procedure and the Local Rules of Practice of the U.S. District Court for the District of Arizona (Local Rules). Plaintiff is instructed to take special notice of Local Rule LRCiv 7.2 which provides specifics for civil motions. Plaintiff is further directed to LRCiv 7.2(i) which provides that his failure to file and serve a timely response to a motion "may be deemed a consent to the denial or granting

| | |
|---|---|
| 1 | of the motion and the Court may dispose of the motion summarily." Plaintiff is also |
| 2 | advised that "[*p*]*ro se* litigants must follow the same rules of procedure that govern other |
| 3 | litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds* |
| 4 | *by Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012); *see also Ghazali v. Moran*, |
| 5 | 46 F.3d 52 (9th Cir. 1995) ("pro se litigants are bound by the rules of procedure."). |

IT IS FURTHER ORDERED that in accordance with LRCiv 83.3(d), Rules of Practice of the U.S. District Court for the District of Arizona, at all times during the pendency of this action, Plaintiff shall advise the Court of any change of address no later than fourteen (14) days before the effective date of the change. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or for failure to comply with the Court's Order and Rules.

Dated this 2nd day of June, 2017.

_____
Bernardo P. Velasco
United States Magistrate Judge